The motion for an injunction will therefore be overruled.

---

PASTEUR CHAMBERLAND FILTER CO. *et al.* v. FUNK *et al.*

*(Circuit Court, N. D. Illinois, N. D.    May 16, 1892.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—FILTERING COMPOUND.
    Letters patent No. 336,385, issued February 16, 1886, to Charles Edward Chamberland, is for a filtering compound composed of pipe clay, or other suitable clay, diluted with water, and then mixed with porcelain earth or its equivalent, the latter being first baked and then reduced to a fine powder; the proportions being about 20 to 40 per cent. of the clay to 60 to 80 of the earth. *Held*, on motion for a preliminary injunction, that it was an infringement to use a compound of kaolin clay, or porcelain earth, and finely ground silex, in about the proportions of 30 to 45 per cent. of the kaolin and the rest silex.

2. SAME—PRELIMINARY INJUNCTION—BOND—BAD FAITH OF DEFENDANT.
    On the granting of a preliminary injunction against infringement, complainant will not be required to give a bond for the protection of defendants, when the latter have been guilty of bad faith towards him.

In Equity. Bill for infringement of a patent. On motion for preliminary injunction. Granted.

*Kerr & Curtis, L. Hill*, and *Staley & Shephard*, for complainants.

*H. A. Toulmin, L. L. Bond*, and *Poole & Brown*, for defendants.

BLODGETT, District Judge. This case is now before the court on a motion for a preliminary injunction to restrain the alleged infringement of patent No. 336,385, granted February 16, 1886, to Charles Edward Chamberland, for a filtering compound. The scope and characteristics of the patent are perhaps best disclosed by the patentee himself, in his specification, where he says:

"The means hitherto employed for filtering water ordinarily consist in the use of burned brick, powdered substances, and various other materials, but which, either from the character of the materials themselves, or from the manner in which they are used or compounded, are not fully satisfactory, where great thoroughness in filtering is requisite. However efficient the named substances may be for filtering purposes, yet they do not, however, retain all germs or microbes, or extremely fine organisms, which are in suspension in the water or other liquid. * * * My invention is designed more completely to hold back and retain such germs. The compound is formed substantially of pipe clay, or any other suitable clay, and porcelain

earth, or its equivalents, hereinafter named. The clay is diluted in water, and then mixed with the porcelain earth or its equivalents. The porcelain earth is ground or reduced to fine powder in any suitable mill, after having been previously baked in any suitable kiln. The proportions are from twenty to forty per cent. of clay to sixty to eighty per cent. of porcelain earth or its equivalents. They may, however, vary, more or less. I wish it, however, to be understood that I do not limit myself to the above-named substances, for the same, or very much the same, result may be attained by using, for instance, silex, magnesia, or its equivalent, instead of porcelain earth. * * * A filtering body produced from the above compound is homogeneous, and fulfils the required conditions for filtering. I do not wish to be understood as laying claim, broadly, to the materials hereinabove mentioned as a filtering compound, but only when they are treated as above specified."

The proof is, I think, quite convincing that defendants use a filtering compound made by combining kaolin clay or porcelain earth and finely-ground silex in about the proportions of 30 to 45 per cent. of kaolin and the balance ground silex. This, I think, is an infringement of the patent, as the patentee expressly says:

"I do not limit myself to the above-named substances, [pipe-clay and porcelain earth,] for the same, or very much the same, result may be attained by using, for instance, silex, magnesia, or its equivalent, instead of porcelain earth."

The utility of this compound for filtering purposes is, I think, abundantly established by the proof, as it now stands, for the purposes of this motion. The infringement being established, as I think it is by the proof, an injunction will be ordered, as prayed.

A bond would be required as a condition of granting this injunction, but for the proof in the record showing that the defendants in this suit have been guilty of bad faith towards the complainants, to such an extent that they are not equitably, as I think, entitled to the protection of the bond from complainants.